

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TONY LEWAYNE YANCY, ) | Criminal No. 7:04CR00139 |
| Petitioner, ) | |
| ) | <u>2255 MEMORANDUM OPINION</u> |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Tony Lewayne Yancy, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Yancy claims that his counsel was ineffective in a number of respects, and also asserts that the United States breached his plea agreement. Respondent filed a motion to dismiss and Yancy an opposition brief, making the matter ripe for disposition. Because both parties presented materials outside of the pleadings for consideration, the court will treat the United States' motion as one for summary judgment.[1] Upon review of the parties' submissions and the case record, the court finds that the United States' motion for summary judgment must be granted and Yancy's motion for § 2255 relief denied, because Yancy's claims are time-barred.

## I. Background and Procedural History

On November 18, 2004, Yancy was charged in a four-count Indictment with conspiring to distribute more than 50 grams of a mixture containing crack cocaine, as well as three specific violations of 21 U.S.C. § 841 for crack distribution. On January 27, 2005, Yancy pled guilty to Count One, the conspiracy charge, and the remaining counts were later dismissed with prejudice.

---

[1] The parties received reasonable and explicit notice of the court's intention to convert the United States' motion to dismiss into one for summary judgment. The Clerk of the Court issued a Roseboro Notice on March 16, 2009, explaining that "if documents or affidavits outside the pleadings are submitted by either party, any remaining motion(s) to dismiss under Rule 12(b)(6) of the Federal Rules of Federal Civil Procedure may be considered as motion(s) for summary judgment under Rule 56 of the Federal Rules of Federal Civil Procedure." (Dkt. No. 95.)

1

This court sentenced Yancy on November 30, 2005, and he received a term of imprisonment of 120 months. Judgment was entered against Yancy on December 2, 2005.

On September 30, 2008, nearly three years later after his conviction became final, Yancy filed this § 2255 motion, listing four grounds of relief: (1) ineffective assistance of counsel for failing to file a requested direct appeal; (2) breach of his plea agreement because the United states failed to file a motion for substantial assistance; (3) ineffective assistance of counsel for advising Yancy to plead guilty; and (4) ineffective assistance of counsel for failing to argue at sentencing and on appeal that the "safety valve" exception applied to Yancy. (§ 2255 Mot. at 5-6, Dkt. No. 81.) In his motion, Yancy argues that counsel's failure to file his requested appeal "tolled the time limits for pursuing [this] § 2255 action." (Id. at 6.) In response to an order by the Honorable Michael F. Urbanski, United States Magistrate Judge, Yancy then submitted additional argument on the timeliness question, as well as a number of letters and phone records in support. (Pet. Resp., Dkt. No. 84.) The United States' motion for summary judgment included a detailed affidavit from Yancy's counsel, as well as letters from Yancy to counsel that the United States argues evince that Yancy did not ask his counsel to file a direct appeal. (Mot. for Summ. J., Dkt. No. 94.) Yancy then filed an opposition brief to the United States' motion, making this matter ripe for disposition. (Opp. Br., Dkt. No. 96.)[2]

## II. Standards of Review

### A. Motion for Summary Judgment

In a motion for summary judgment, the court views the facts, and inferences to be drawn from those facts, in the light most favorable to the non-moving party. Matsushita Elec. Indus.

---

[2] For reasons explained infra, the court finds that an evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Yancy] is entitled to no relief." 28 U.S.C. § 2255(b).

2

Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Summary judgment is only proper where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

### B. Section 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Under § 2255, a prisoner in federal custody may challenge his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, a petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### III. Analysis

For the limited purpose of this memorandum opinion and its accompanying order, the court will assume that Yancey timely instructed his attorney to file a direct appeal on his behalf, and the court will also credit the evidence that Yancy has provided in support of the timeliness issue. Employing these presumptions in Yancy's favor, the court still finds that his § 2255 action is time-barred, as it was filed outside the statute of limitations period and equitable tolling is inapplicable.

A one-year statute of limitations period governs § 2255 actions, and this period begins to run from the latest of:

3

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If a defendant does not timely appeal the trial court's final judgment, as in this case, his conviction becomes final 10 business days after entry of final judgment, when petitioner's opportunity to appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003); Fed. R. App. P. 4(b). Accordingly, Yancy's conviction became final on December 16, 2005, 10 business days after entry of final judgment. Thus, for purposes of § 2255(f)(1), Yancy had until December 16, 2006 to timely file his § 2255 motion, but did not in fact do so until September 30, 2008, more than 33 months after his conviction became final.

Given this timeline, Yancy does not contest whether his § 2255 petition was filed outside the one-year statute of limitations period. (See Mem. In Sup. of § 2255 at 2 ("The movant acknowledges that the instant motion to vacate sentence falls outside the limitations period of 28 U.S.C. § 2255."), Dkt. No. 81.) However, the court believes that the timeliness of Yancy's first claim for relief—ineffective assistance of counsel for failing to file a requested appeal—merits additional explanation. Yancy argues that the delay in filing this § 2255 claim was attributable to a belief that his attorney had filed and was pursuing his direct appeal. He contends that he did

4

not discover that his counsel did not file an appeal—the fact supporting his first claim—until August 2008. (See Pet. Resp. at 3 ("After Petitioner['s] last phone call to [counsel] on August 1, 2008 . . . . is when Petitioner Yancy discovered that no appeal had been filed.").) Therefore, the court must consider § 2255(f)(4) to determine whether filing of this claim complied with the one-year statute of limitations. Pursuant to § 2255(f)(4), the starting date for the limitation period could begin on the date when "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Yancy's § 2255 motion was filed September 30, 2008. Thus, the operative question before the court is whether Yancy could have discovered the fact that his attorney did not file an appeal prior to September 30, 2007 (one year before his § 2255 motion was actually filed), if Yancy had exercised due diligence.

According to Yancy's submissions, he wrote 11 letters to his attorney concerning his appeal, commencing with a request on December 7, 2005 that an appeal be filed,[3] and culminating with a letter dated August 2, 2008 informing counsel that he was going to file this § 2255 motion. (Pet. Resp., Attach. 1.)[4] Six of these letters were dated prior to the key date of September 30, 2007, and all after the initial appeal request indicate that the attorney had not provided adequate responses to Yancy's prior letters of inquiry. (Id.) For example, Yancy claims that on August 15, 2006 he wrote the following to counsel: "Sir I still have not heard

---

[3] Though this December 7, 2005 letter implies that it was the first-time Yancy asked his attorney to file an appeal, Yancy also contends that he asked his attorney to file an appeal at his November 30, 2005 sentencing. (See Pet. Resp. at 1 ("[A]t the time of sentencing, [Yancy] insisted that his trial Attorney . . . file a[] Notice of Appeal to appeal his sentence.").)

[4] While the court is presuming the legitimacy of these letters, if this matter had proceeded to the merits, the government would have vigorously contested their authenticity. (See Mot. for Summ. J. at 5 ("Petitioner's evidence of . . . letters that he wrote to [counsel] do not corroborate that his attorney misled the Petitioner about filing an appeal—rather they smell of recent fabrication.").)

5

anything from you concerning my appeal. My family [has] been calling you about my appeal, and I still have not heard from you. I hope to hear from you soon!" (Id.)[5]

The fact of whether an appeal had been filed or not is simply a "matter of public record, which reasonable diligence could have unearthed." Owens v. Boyd, 235 F.3d 356, 360 (7th Cir. 2000). Assuming that Yancy's claims of communication to counsel are genuine, the court finds that it was unreasonable for Yancy to have continued on this course of action given the concerns apparent on the face of Yancy's letters, and given his attorney's alleged many months of stonewalling. Under these circumstances, an exercise of reasonable diligence would have led Yancy to, sometime prior to September 30, 2007, take additional steps—such as contacting the clerk's office—to determine whether an appeal had actually been filed. For these reasons, the court finds that Yancy's first § 2255 claim was not filed within the one-year statute of limitations period.

For similar reasons, the court also finds that equitable tolling cannot salvage Yancy's untimely § 2255 motion. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his

---

[5] In addition, Yancy claims that he and his attorney often communicated over the telephone after his sentencing, and he submitted records of calls from February through September 2008. (Pet. Resp., Attach. 2.)

6

control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse, 339 F.3d at 246).

Under the circumstances presented in this case, the court concludes that equitable tolling is inapplicable because it was within Yancy's control to discover that an appeal had not been filed, at least by some point prior to September 30, 2007 (one year before his § 2255 motion was actually filed and almost two years after his judgment became final). The court finds that it was unreasonable for Yancy to rely on the belief that his attorney had filed and was diligently pursuing his appeal, in the face of the inadequate confirmation or updates provided by counsel. For these reasons, the court finds that equitable tolling does not apply, and Yancy's § 2255 motion is thus untimely.[6]

## IV. Conclusion

For the stated reasons, the United States' motion for summary judgment (Dkt. No. 94) will be **GRANTED**, and Yancy's 28 U.S.C. § 2255 motion (Dkt. No. 81) will be **DENIED**. The court will also **DENY** as **MOOT** Yancy's motion for leave to proceed in forma pauperis (Dkt. No. 82). An appropriate order shall issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying final order to Yancy and counsel of record for the United States.

ENTER: This 30th day of May, 2009

*[signature]*
Senior United States District Judge

---

[6] Because the court finds that this action is time-barred, it does not reach the merits of Yancy's claims for § 2255 relief.

7